2010 OK 36

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**M. Benjamin SINGLETARY, Respondent.**

**SCBD No. 5606.**

Supreme Court of Oklahoma.

April 20, 2010.

¶ 0 **ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS.**

¶ 1 Upon consideration of the complainant Oklahoma Bar Association's application for an order approving the resignation pending disciplinary proceedings of the respondent, M. Benjamin Singletary, **THE COURT FINDS:**

1. M. Benjamin Singletary, OBA Number 8273, was admitted to the Oklahoma Bar Association on September 30, 1977.

---

His official roster address as shown by the Oklahoma Bar Association, is 74 James River Lane, Newport News, Virginia, 23606.

2. On February 5, 2010, the Respondent submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1–A. Respondent requests that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

3. The Respondent's affidavit states that he is freely and voluntarily tendering his resignation, that he is not being subjected to coercion or duress and that he is fully aware of the consequences of submitting his resignation pending disciplinary proceedings.

4. The Respondent states in the affidavit that he is aware of a formal complaint pending against him with this Court alleging violations of Rules 1.5, 1.15, 8.4(a) and 8.4(c) of the Oklahoma Rules of Professional Conduct, and Rule 1.3 of the Rules Governing Disciplinary Procedures.

5. The Respondent states that he is aware of the following grievance filed against him:

*DC 09–312: Grievance by the General Counsel of the OBA* regarding allegations that, on or about August 27, 2009, I submitted a list of expenses for reimbursement to the law firm of Gable & Gotwals. The submitted expenses totaled $28,488.36 for the eight month period January 2009 through August 29, 2009. I represented to the firm that all of these expenses had been incurred on behalf of a client when, it is alleged that, $3,407.39 had not. Furthermore, the OBA alleges that additional expenses were reimbursed and charged to clients in the amount of $39,976.80. It is alleged that these expenditures were not incurred on behalf of clients.

6. Respondent acknowledges that the allegations against him would, if proven, constitute violations of the Rules of Professional Conduct set out in paragraph 4 and

also his oath as an attorney, and he has voluntarily waived any and all right to contest them.

7. Respondent states that he is aware that the Law Firm of Gable & Gotwals has reimbursed any and all affected clients. Respondent further states that he has resigned from and reimbursed the Law Firm of Gable & Gotwals the amounts listed above.

8. Respondent states that he has familiarized himself with, and has agreed to comply with, Rule 9.1, Rules Governing Disciplinary Proceedings, within twenty (20) days following the date of his resignation.

9. Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five (5) years from the effective date of this Order and that he may be reinstated to the practice of law only upon full compliance with Rule 11, Rules Governing Disciplinary Proceedings and any other rules that may apply to such reinstatement.

10. Respondent acknowledges that the Client Security Fund may receive claims from his former clients and he agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

11. Respondent acknowledges and agrees that he is to cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in the client case where fees or refunds were owed by him.

12. The OBA has not requested respondent to reimburse costs incurred by the complainant in the investigation of this matter.

13. The resignation pending disciplinary proceedings executed by the respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A and should be approved.

¶2 **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT** complainant's application and respondent's resignation pending disciplinary proceedings are approved.

¶3 **IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** M. Benjamin Singletary's name be stricken from the roll of attorneys, and because resignation pending disciplinary proceedings is tantamount to disbarment, he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five (5) years from the date of this Order. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of reinstatement. The respondent shall comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A, within twenty (20) days of the date of his resignation.

¶4 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 19TH DAY OF APRIL 2010.**

¶5 ALL JUSTICES CONCUR.